# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-11-00726-CV

**Naomi Nicole Tanguma, Appellant**

**v.**

**Texas Department of Family and Protective Services, Appellee**

FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 340TH JUDICIAL DISTRICT
NO. C-09-0219-CPS, HONORABLE JAY K. WEATHERBY, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Naomi Nicole Tanguma has filed a notice of appeal from the district court's order terminating her parental rights. Tanguma's court-appointed counsel has filed a motion to withdraw and an *Anders* brief, concluding that the appeal is frivolous and without merit. *See Anders v. California*, 386 U.S. 738, 744 (1967); *see also Taylor v. Texas Dep't of Protective & Regulatory Servs.*, 160 S.W.3d 641, 646-47 (Tex. App.—Austin 2005, pet. denied) (applying *Anders* procedure in appeal from termination of parental rights). We reach the same conclusion and will affirm the order of termination.

The Texas Department of Family and Protective Services (the Department) filed a petition to terminate Tanguma's parental rights to her three children: K.M.T.A., a seven-year-old girl, S.T.C., a five-year-old girl, and S.C.T., a three-year-old boy. At trial, the Department proceeded on several theories, arguing that Tanguma had (1) "knowingly placed or knowingly allowed the children to remain in conditions or surroundings which endanger the physical or emotional well-

being of the children," *see* Tex. Fam. Code Ann. § 161.001(1)(D) (West Supp. 2011); (2) "engaged in conduct or knowingly placed the children with persons who engaged in conduct which endangers the physical or emotional well-being of the children," *see id*. § 161.001(1)(E) (West Supp. 2011); (3) "constructively abandoned the children who have been in the permanent or temporary managing conservatorship of [the Department] for not less than six months, and, (i) [the Department] has made reasonable efforts to return the children to [Tanguma]; (ii) [Tanguma] has not regularly visited or maintained significant contact with the children; and (iii) [Tanguma] has demonstrated an inability to provide the children with a safe environment," *see id*. § 161.001(1)(N) (West Supp. 2011); (4) "failed to comply with the provisions of a court order that specifically established the actions necessary for [Tanguma] to obtain the return of the children who have been in the permanent or temporary managing conservatorship of [the Department] for not less than nine months as a result of the children's removal from [Tanguma] under chapter 262 for the abuse or neglect of the children," *see id*. § 161.001(1)(O) (West Supp. 2011); and "used a controlled substance, as defined by chapter 481, Health and Safety Code, in a manner that endangered the health and safety of the child and: (i) failed to complete a court-ordered substance abuse treatment program; or (ii) after completion of a court-ordered substance abuse treatment program, continued to abuse a controlled substance," *see id*. § 161.001(1)(P) (West Supp. 2011).

At the termination trial, Department investigator Noemi Avalos claimed that the Department received its first report against Tanguma in June 2008 alleging physical neglect of the children and drug use. Avalos indicated that Tanguma was pregnant with S.C.T. at the time and not receiving prenatal care. According to Avalos, the children were placed with a relative while Tanguma completed an inpatient substance abuse treatment program. Avalos claimed that a year

2

later, the Department received a second report alleging neglectful supervision of the children and drug use by Tanguma. When Avalos visited Tanguma's house with another Department investigator, she asserted that they smelled marijuana and discovered several adults at the house. Avalos claimed that two of the adults had prior convictions for drug offenses and one adult had two convictions for assault with family violence. Avalos indicated that the Department placed the children with a relative and, after Tanguma submitted to a drug test, scheduled her to participate in Family Based Safety Services ("FBSS"). During FBSS, Avalos claimed, the Department received a third report concerning Tanguma's alleged drug use. Department caseworker Robert Holden claimed that Tanguma admitted her use of marijuana and methamphetamine to the Department in June 2008, and again admitted she was using methamphetamine in October 2009. He also indicated that she also failed a drug test during FBSS.

The district court also heard evidence that the children had been in the temporary managing conservatorship of the Department for eighteen months when the termination trial began and almost two years as of the last day of the termination trial.[1] Department caseworker Joe Bentley testified that he drafted a service plan for Tanguma, which was adopted and ordered by the district court. Tanguma admitted that she signed her service plan, understood its requirements, and understood that the district court had ordered her to comply with it. Bentley indicated that Tanguma initially visited the children consistently, but later missed half of her scheduled visits. Holden indicated that Tanguma had failed to "even marginally compl[y] with her service plan." According

---

[1] The termination proceedings were scheduled for April 25, 2011, but several parties' attorneys were unable to attend due to illness. After receiving the testimony of out-of-town and subpoenaed witnesses, the district court recessed the remaining proceedings until October 18, 2011.

to Holden, Tanguma last saw her children in May 2010 when the district court ordered Tanguma's visitation rights revoked after she failed a drug test. She could regain visitation rights per the court's order, Holden asserted, if she submitted two negative drug tests. Tanguma had been unable to do so, Holden claimed, and, by the end of trial, she had not seen her children in seventeen months. Holden affirmed that Tanguma demonstrated an inability to provide her children with a safe environment. Tanguma agreed that she did not currently have an appropriate home for the children. Tanguma further testified that she was unemployed and not currently looking for work. She admitted that she failed to comply with her service plans in a variety of ways: failing to provide notice to her caseworker when she missed appointments, failing to provide a financially stable home, failing to maintain a drug-free home environment, failing to attend individual counseling, and failing to complete parenting classes.

Tanguma affirmed that she had previously completed a thirty-day inpatient substance-abuse program in June 2008. She admitted that after the Department filed its petition for termination, she was ordered to return to the treatment facility, but left the program after three days and made no effort to return. She claimed that she did not need help from that facility because it was not "all that good, because apparently I relapsed and here I am again," but admitted she needed help from somewhere else. Tanguma indicated that she failed to complete treatment and remain drug free because her court-ordered treatment program lacked a detoxification program. On cross-examination, Tanguma was unable to explain what a detoxification program was or how it might be more effective for her. Holden testified that the Department attempted to place Tanguma in a different treatment facility, but was unable to do so after Tanguma denied using drugs within the past sixty days. At the same time, she admitted to the Department and to CASA that she was still using

4

drugs. Holden claimed that Tanguma then missed an appointment to reinitiate the process to receive substance abuse treatment and never attempted to reschedule. Holden also indicated that Tanguma was unable to produce a negative drug test a week before the last day of the termination trial.

Holden testified that he believed it was in the children's best interest to terminate Tanguma's parental rights. He claimed that the children would suffer emotionally and physically if returned to Tanguma. According to Holden, the children were thriving in their foster home, and had not exhibited any separation problems as a result of not seeing Tanguma. He indicated the children had some behavioral problems, such as speech delays, food hoarding, and sexually inappropriate behavior, but they were addressing these issues with therapy and showing improvement. According to Holden, the children had extensive dental problems when they arrived in the Department's care—S.T.C. and K.M.T.A. had to have thirteen and nine teeth surgically removed, respectively. He also asserted that S.C.T. had asthma and required breathing treatments when he entered the Department's care because of exposure to smoke, dogs, and dust, but no longer had breathing problems.

Tanguma acknowledged that she lived in a one-bedroom apartment with her boyfriend. She admitted that her boyfriend had served time in jail in connection with drug crimes. She also admitted that her utilities had been shut off at her house twice in the past year. During trial, several of Tanguma's Facebook entries were admitted into evidence. Tanguma admitted to authoring these entries, dated between September and October 2011, which referenced Tanguma getting drunk and fighting with her boyfriend. She testified to an incident two years prior to the termination trial when she and the children became extremely emotional over being separated at the

end of a visit. She also asserted that she loved her children and claimed that she provided gifts and cards to them, though Holden disputed the frequency of these gifts.

At the conclusion of evidence, the trial court found by clear and convincing evidence that the Department had established all five statutory grounds alleged and that termination would be in the children's best interest. The district court signed a final order terminating Tanguma's parental rights and naming the Department as the children's sole managing conservator. This appeal followed.

Counsel's brief meets the requirements of *Anders* by presenting a professional evaluation of the record and demonstrating that there are no arguable grounds for appeal. *See Anders*, 386 U.S. at 744; *Taylor*, 160 S.W.3d at 646-47. Tanguma was provided with a copy of counsel's brief and was advised of her right to examine the appellate record and to file a pro se brief. No pro se brief has been filed.

We have reviewed the record and counsel's brief and agree that the appeal is frivolous and without merit. We find nothing in the record that might arguably support the appeal. *See Anders*, 386 U.S. at 741-44; *Taylor*, 160 S.W.3d at 646-47. We affirm the district court's order of termination and grant counsel's motion to withdraw.

_____

Bob Pemberton, Justice

Before Justices Puryear, Pemberton and Henson

Affirmed

Filed: July 25, 2012